BRUCE A. YOUNG, ESQ.
181 Hudson Street, #1A
New York, New York 10013
Phone: (212) 965-0050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
SMG, an infant by his parent and natural guardian
ATAVIA MOORER; and ATAVIA MOORER, individually.

                    Plaintiffs,                    COMPLAINT
                                                   2014 Civ.
        vs.

                                                   PLAINTIFFS DEMAND
                                                   A TRIAL BY JURY
SCO FAMILY OF SERVICES, DARLENE ELLISON,
individually and as  caseworker with SCO Family of Services;
"JANE ROE" and as supervisor with SCO Family of Services;
"JOHN DOE"  (being a fictitious name), individually, and as
caseworker with SCO Family of Services; GAIL B. NAYOWITH,
individually, and as Director of SCO Family of Services;
JOANNA KELLMAN, individually, and as caseworker with for
the Administration for Children's Services of the City of New
York; EMMANUEL CHIJIOKE, individually and as supervisor
with for the Administration for Children's Services of the City of
New York; and the CITY OF NEW YORK;
                                        Defendants.
-------------------------------------------------------------------

        Now comes the Plaintiffs SMG, an infant  by his parent and natural guardian ATAVIA

MOORER; and ATAVIA MOORER, individually  by there attorney Bruce A. Young, Esq., and

files this Complaint against the Defendants in their individual and official capacity and thereby

respectfully shows the Court as follows·

## I.

## PRELIMINARY STATEMENT

        1. This is a civil rights action in which Plaintiff seeks damages to redress the

deprivation, under color of state law, of rights secured under the First, Fourth, Fifth and

1

Fourteenth Amendments to the United States Constitution. Plaintiffs also appends state statutory and common law claims. The infant Plaintiff is an individual who, while he was placed in foster care through the City of New York and its contracting agencies, suffered serious physical injuries, including sexual abuse, and was deprived of adequate and proper medical and therapeutic care. The Plaintiff's injuries were caused by the inadequate investigation and improper supervision of the Defendants. The Defendants acted negligently, grossly negligently, recklessly and with deliberate indifference and gross disregard of the Plaintiff's constitutional, statutory and common law rights. The Plaintiffs brings this action against the City of New York and its employees and contract foster care agency SCO FAMILY OF SERVICES's officials and employees who while he was involuntarily made dependent on them for his basic needs as a traumatized infant in foster care, then improperly supervised his care and needs in numerous foster homes and failed to protect him from being retraumatized and sexually abused and provide the timely medical care and guardianship that they involuntarily took exclusive responsibility for but then failed to adequately provide.

## II.

### JURISDICTION

2.  Jurisdiction is conferred on this court by 28 U.S.C. 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. 1983. Jurisdiction is also conferred on this court by 28 U.S.C. 1331(a) because the case arises under the Constitution and the laws of the United States. Pursuant to 28 U.S.C. 1367, this court has pendent jurisdiction over Plaintiffs' state law claims.

## III.

## PARTIES

3. At all times mentioned herein, SMG was an infant, who, in May 2007, was detained by the CITY OF NEW YORK and its agents and employees within the New York City Foster Care System.  Plaintiff was involuntarily removed from his home and his mother ATAVIA MOORER and made dependent upon the CITY OF NEW YORK Defendants, and SCO FAMILY OF SERVICES Defendants, for his direct care, supervision, safety, medical and therapeutic treatment, guidance and control.  SMG currently resides with his mother  in New York County, New York.

4.      SCO FAMILY OF SERVICES (hereinafter referred to as "SCO") is a non-profit, domestic corporation, located in Brooklyn, New York.  It operates, foster homes for children who have either, been abused, abandoned, neglected, providing services in loco parentis to the city's neediest and troubled children, a function that traditionally has been assumed, performed and advanced by municipal government or other state actor.  However,at the present time the City, has chosen, as a matter of policy, to delegate its traditional public responsibilities toward its neediest children, and now entrusts the children's care and protection to private organizations, such as SCO as an "authorized agency to do so.  However, by accepting and assuming the City's moral, ethical and traditional obligation, SCO has in turn become a state actor, when furthering or performing the functions involved in confining and supervising the children.  Therefore all action taken by SCO to maintain the Plaintiff is action taken under color of state law, and, subjects SCO, and its staff to liability under the provisions of 42 USC § 1983.

3

5. At all relevant times herein, Defendant GAIL B. NAYOWITH is the director of SCO. She is ultimately responsible for the hiring, supervision and training of all staff, and for the license and Recertification of any foster home. She is the final policy maker for all practices and policy, and for all policies concerning the acceptance of and placement of a child in a foster home. As such, GAIL B. NAYOWITH is sued herein in her official and in her individual capacity, and incurs liability as a policy maker, a supervisor, and individually. Her actions constitute actions taken under color of law.

6. Defendant "JANE ROE", whose name is not yet known, was a supervisor at SCO. She is the supervisor of social workers at all foster homes. Her responsibilities include formulating and reviewing proper foster home placement and treatment modalities for each child resident including security and safety, therapeutic needs, proper supervision, investigating persons residing in foster homes, child care persons in foster homes and invites in foster homes, who reside or are invited into the foster home so that the child is not victimized in the foster home, set standards and provide training for foster parents, assessing behavioral problems, disorders, psychopathologies and all other mental or emotional conditions that the foster child may have and to inform staff and foster parents of those problems in order to facilitate proper foster home placement. Further, "JANE ROE" is responsible for evaluating each child and their unique needs including whether one victimized by sexual abuse at a young age may have special needs and requiring special supervision, care or treatment to help establish a trusting and flourishing environment. "JANE ROE" is sued individually and as a Supervisor with SCO.

7. "JOHN DOE", an individual whose name is not known, is sued individually and as an employee of SCO. "JOHN DOE" has responsibilities and liability, for all policies concerning

4

the acceptance of and placement of a child in foster care homes, as well as providing appropriate placements based upon a child's physical, emotional , or psychiatric condition. "JOHN DOE" has the ongoing obligation of assessing the appropriateness of each child's continuing placement in any particular foster home. His actions constitute state action; he is sued in both his individual and official capacities; for policymaker, supervisory and individual liability.

8. Defendant DARLENE ELLISON is sued individually and as a caseworker with the SCO. She was responsible for the direct care of Plaintiff SMG while an infant who was residing in 2 different foster homes.

10. Defendant JOANNA KELLMAN is sued individually and as caseworker with the Administration for Children's Services of the City of New York. Defendant JOANNA KELLMAN had early contact with Plaintiff SMG. She had significant input arranging necessary services for SMG. KELLMAN improperly assessed, delayed implementation these essential services. KELLMAN failed in her coordination and work with all of the other defendants to provide a safe foster homes well suited for SMG's needs. She was aware of the inappropriate substandard conditions of various foster homes, and the inadequate therapy or counseling provided. She failed to take prompt action and failed to take appropriate corrective action.

11. Defendant EMMANUEL CHIJIOKE, is sued individually and as Supervisor with the Administration for Children's Services of the City of New York. She supervised the ACS workers and SCO Defendants from the date Plaintiff was first placed at SCO. Defendant CHIJIOKE was aware of the inappropriate unsafe foster care placement and lack of proper

5

supervision, lack of proper sleeping arrangements and treatment that Plaintiff SMG  received. but did nothing to take prompt corrective action, delayed therapy. She is sued herein for supervisory liability and in her individual capacity.

12.  Defendant CITY OF NEW YORK encompasses the Administration for Children's Services which has the responsibility for the provision of investigating and providing services to children, adolescents and young adults through age 21 and families in need, including direct care of shelter, medical care, supervision, security, and once assuming care as a non-delegable duty to provide such care to the recipients who are intended to receive the benefit thereof.

13.  Defendant CITY OF NEW YORK is therefore the entity responsible for the direct care, control and supervision of the Plaintiff SMG through its Administration for Children's Services and its other agencies that it contracts with and is the entity responsible for the delivery of foster care services through its contractors and foster homes for children residing in foster care.  It as such responsible for the direct oversight and supervision of any and all services provided for by the other Defendants including SCO defendants.

14.  Since 1949, the City of New York has traditionally assumed all responsibilities in caring for its troubled children: the abused, neglected, unwanted and wayward youths, who are generally, impoverished, rebellious and often unschooled; the city traditionally has provided such unfortunate children with shelter, services, trained professionals, structure, education and vocational training.  However,relatively recently and as a matter of policy, the City has chosen to no longer provide such services, and instead, contracts with private organizations, which results in delegating unbridled control of these children to organizations of questionable competency. In the past, many of these foster care agencies and the foster boarding homes they license have

6

been reported to be substandard, unproductive, and even dangerous. Notwithstanding, the City continues to contract with the same private operators, to care for its children, ignoring the known dangers and failing to take appropriate corrective action. The aforementioned policy and practice by the City has resulted in substandard treatment and supervision in the housing and treatment of foster children, which constitutes a deliberate indifference for plaintiff's constitutional rights and his safety and welfare, as well as those of others similarly situated.

15.  At all times mentioned herein, the CITY OF NEW YORK and its agency; the Administration for Children's Services, and the SCO defendants licensed and relicensed private foster homes and group homes. SCO was contracted by the CITY OF NEW YORK for the provision for foster care.

16.  The acts and omissions of the CITY OF NEW YORK Defendants described herein are carried out pursuant to the policies and customs of the CITY OF NEW YORK and reflect its decision policies and practices adopted and promulgated by the CITY OF THE NEW YORK.

## STATEMENT OF FACTS

17.  SMG, an infant, by his Mother and natural guardian ATAVIA MOORER, and ATAVIA MOORER, individually brings this action for violation of civil rights, serious personal physical injuries, sexual abuse, emotional trauma, lack of adequate medical and therapeutic care while SMG was a minor, dependent upon the CITY OF NEW YORK and their employees and agencts  (hereinafter referred to as CITY DEFENDANTS and SCO and their employees and agents (hereinafter referred to as SCO DEFENDANTS  for the violation of his most basic and fundamental civil rights.

18.  Plaintiff SMG, while an infant at the age of 7 years old, was involuntarily removed

from his Mother ATAVIA MOORER and home and separated from his sibling and detained in

foster care by the Defendant CITY OF NEW YORK and its agents SCO and their employees.

19. After SMG's removal, SMG was placed and replaced in at least two different foster

home placements.

20. During the time that SMG was involuntarily detained and in the custody of the CITY

OF NEW YORK, and CITY DEFENDANTS and SCO and SCO DEFENDANTS, they and their

agents owed a non-delegable duty to provide safety, shelter, security, medical attention and other

direct services to plaintiff SMG while he resided in foster care.

21. Plaintiff SMG was placed in foster care with the CITY OF NEW YORK Defendants

and SCO Defendants, during which time they failed to properly adequately certify the foster

boarding home and failed to place SMG in an appropriate foster home, failed to properly provide

therapeutic services for SMG and failed to properly supervise the foster care placement that he

was in so that he did not become victimized by other older persons in the foster homes taking

advantage of his age and vulnerability causing him to be sexually traumatized.

22. Upon information and belief, the DARLENE ELLISON, "JANE ROE", "JOHN

DOE," GAIL B. NAYOWITH, JOANNA KELLMAN , and ""JANE ROE"," and CITY OF

NEW YORK, failed to properly supervise and monitor the activities and provisions of foster care

services by SCO, and their agents and employees, DARLENE ELLISON, "JANE ROE", "JOHN

DOE," GAIL B. NAYOWITH, JOANNA KELLMAN , and ""JANE ROE"."

23. Upon information and belief, the Defendants CITY OF NEW YORK Defendants,

and SCO Defendants had actual knowledge, or had constructive knowledge, that Plaintiff SMG

was being improperly supervised in the foster home but took no action or took inappropriate

8

steps to remedy the improper supervision.

24. Upon information and belief, the Defendants CITY OF NEW YORK Defendants, and SCO Defendants failed to adequately train their social workers to provide adequate inspections of the foster homes, failed to do proper home studies and background checks and failed to have frequent contact with the child once in placement and or develop a private rapor with the child SMG so he could be empowered to tell someone outside the home when he was harmed.

25. But for the improper supervision by DARLENE ELLISON, "JANE ROE", "JOHN DOE," GAIL B. NAYOWITH, JOANNA KELLMAN , and EMMANUEL CHIJIOKE, CITY OF NEW YORK Defendants, and SCO Defendants, the Plaintiff SMG would not have suffered the "repeated" serious violations of his basic civil rights to person integrity and would not have suffered serious personal injuries including sexual abuse, maltreatment in foster care and inadequate and delayed medical and therapy treatment.

26. The foster care homes that SMG was placed in were not thoroughly investigated and evaluated as to whether they were safe and appropriate placements for the Plaintiff given his unique needs that were known by the Defendants.

27. But for the acts and/or omissions and deliberate indifference by all of the Defendants, the Plaintiff SMG was sexually abused, assaulted, and molested by an adolescent child in the foster home where all of the Defendants had a duty to provide a safe place and environment while in protective custody and dependent on them for his very needs.

28. During the time that SMG was in foster care with the CITY OF NEW YORK, CITY DEFENDANTS and SCO DEFENDANTS, on or about numerous days during at least August 2012 and September 2012 through September 9, 2012 at various times the infant plaintiff SMG

was sexually assaulted, abused, and molested by an adolescent child in the foster mother's home. Supervised and licensed by the Defendants SCO Family of Services and their employees including the SCO Defendants and the CITY OF NEW YORK their employees and all of the CITY Defendants,.

29. SMG had not initially or during his placement in the foster home been given any way to contact anyone outside the foster home for help if he was in danger or injured. None of the defendants developed a direct relationship with the child; or gave or received adequate training or supervision in how to develop such a method of communication between the child SMG and those he was dependent upon for his guardianship and care.

30. SMG was placed in a foster home with inappropriate sleeping arrangements. Defendants failed to properly inspect or take prompt corrective action.

31. Upon information and belief, defendants failed to adequately inspect the Goodwin foster home and take corrective action for non-compliance.

32. SMG was not able to ask for help within the Goodwin foster home and had no way of asking for help, which allowed the sexual abuse to continue become more prolonged and repeated over time.

33. SMG was violated and his civil rights were violated and he was sexually assaulted due to the failure of all the defendants to properly supervise the foster home when D., an adolescent boy in the Goodwin foster home, age approximately 14 to 15 years old touched SMG's genitals repeatedly rubbing them and touched his buttocks with his hand rubbing it. When 7 year old SMG told 14 year old D to stop, D would not stop. Instead D took off SMG's clothes and D put his genitals on top of SMG's genitals and private areas of his body. This

10

occurred multiple times in their shared bedroom at night.

34. SMG could not disclose to the defendants because of their failure to develop any method of him to contact them. SMG did disclose to the foster parent in the Goodwin home but was not promptly reported to the defendants and was not promptly protected subjecting him to further repeated harm and physical and psychological harm and retaliation.

35. Between September 9 and 17, 2012 after SCO defendants and CITY defendants had actual and constructive knowledge of the  there was no prompt parental notification,

36. Between September 9 and 17, 2012 after SCO defendants and CITY defendants had actual and constructive knowledge of the defendants failed to remove SMG from the Goodwin foster home until September 17, 2012.

37. Between September 9 2012 and December 3, 2012 none of the SCO defendants and CITY defendants provided prompt therapeutic services to SMG or his family. Said defendants failed to provide medical and psychological treatment for  SMG and did not begin a course of therapy or mental health treatment until December 2012 or January 2013.

38. The therapy services provided by the defendants was not adequate and used primarily by the Defendant to help them obtain a record attempting to minimize the harm they caused instead of providing care and treatment focused on the needs of SGM and his mother from the trauma and harm they suffered.

39. Defendants provided no or i nadequate notice to ATAVIA MOORER of the harm to her son SMG.

40. Defendants did not provide prompt notice of ATAVIA MOORER's rights to provide proper therapeutic treatment for her son SMG, and in fact by defendants having taken away

11

ATAVIA MOORER natural guardianship and custody of SMG and obtaining temporary
guardianship and custody of SMG, they prevented her from caring adequately for her son and
prolonged this deprivation for an extended period of time.

41. But for the failure of the Defendants, Plaintiff would not have experienced child
sexual abuse from a teenage boy in a foster home while away from his mother and brother.

42. . SCO defendants and CITY defendants failed to properly protect Plaintiff SMG by
failing to supervise, failing to train and failing to take the aforesaid steps to protect Plaintiff from
further harm while made exclusively dependent upon their care.

43. SCO Defendants and NEW YORK CITY Defendants improperly certified or
recertified the foster homes where the sexual abuse took place. The adult care givers in foster
homes did not adequately provide adult supervision for Plaintiff.

44. The CITY DEFENDANTS and SCO DEFENDANTS knew or should have known of
the continuing danger to SMG.

45. The CITY DEFENDANTS and SCO DEFENDANTS knew or should have known of
this repeated problem of efforts by perpetrators to silence reporting their abuse and the
likelihood that the events would occur and failed to take heed, take proper notice, take proper
supervision, and properly instruct and supervision, properly instruct and supervise and get close
supervision of the foster homes and regulate the persons coming in and out of those homes so
that there was a safe environment for healing instead of retraumatizing and damaging the infant
Plaintiff while he was in their protective custody.

46. But for Defendants actions and or failures to act,  Plaintiff would not have been
exposed to being sexually traumatized in the foster home that Defendants placed him in which

12

were in deliberate indifference toward the rights and immunities afforded Plaintiff under the

Fourteenth Amendment substantive due process, U.S. Constitutional rights and his safety and

welfare.

47. Plaintiff was identified to have a need for therapy, and at times defendants were

ordered to provide therapy for Plaintiff, that all defendants failed to take timely steps to assure he

obtain prompt reliable therapy and failed to follow through in obtaining proper therapy for

Plaintiff.

## DAMAGES

48. Because of the aforesaid violations of law and violations of Plaintiff SMG's civil

rights and common law rights by the defendants, the Plaintiff SMG suffered damages and

violations of his civil rights and personal injuries including: sexual abuse, sexual contact,

serious physical injury, assault, battery, improper supervision, inadequate guardianship, extreme

psychological injuries, mental anguish, terror, severe pain, suffering, anxiety, fear, depression,

sleeplessness, nightmares, shock, necessitating medical treatment and medication.

49. Plaintiff SMG has been damaged in the amount of THREE MILLION DOLLARS

($3,000,000.00).

## FIRST CLAIM

50. Paragraphs 1 through 49 are realleged and incorporated by reference herein.

51. The Plaintiff SMG had a constitutional right to be free of unjustified intrusions on

his personal security in the form of physical and psychological abuse, while dependent upon

government custody in foster care.

52. CITY OF NEW YORK defendants and SCO defendants improperly authorized SCO

to licensed or certified foster homes without adequate investigation, home study, supervision or training.

53.   CITY OF NEW YORK defendants and SCO defendants involuntarily detained and placed the Plaintiff SMG in a dangerous environment in an improper foster home when they placed him in SCO FAMILY OF SERVICES.

54.   Defendants failed to protect the Plaintiff SMG from abuse and neglect while he was in foster care.

55.   By improperly investigating and improperly licensing or certifying SCO as is a foster care agency and placing SMG in the inadequate foster home and failure to adequately supervise the Plaintiff in the foster home, and failing to protect the Plaintiff from repeated sexual abuse, sexual and physical assault and serious physical and psychological injury, CITY OF NEW YORK defendants and SCO defendants were deliberately indifferent to the Plaintiff's health and safety and were deliberately indifferent to a serious and imminent risk of harm to the Plaintiff, and failed to exercise professional judgment and instead departed from their exercise of acceptable professional judgment and abused their power as foster care officials.

56.   CITY OF NEW YORK defendants and SCO defendants, knew or should have known that there was a serious problem with child abuse in the foster care system and in the CITY OF NEW YORK.

57.   CITY OF NEW YORK defendants and SCO defendants, knew or should have known that Defendant SCO had a practice of failing to hire, retain and supervise their employees and staff adequately and failed to protect foster children in their care from harm.

58.   Defendants were (a) deliberately indifferent to the quality of care that children

14

received in the foster homes; and failed to properly instruct their employees of their obligation to supervise children in foster homes; and (b) failed to develop or implement programs to ensure that foster care employees provided proper supervision for foster children; and © failed to develop or promulgate guidelines and procedures for the selection and supervision of foster care workers, to eliminate or exclude those foster care workers who pose a danger to children's welfare or who neglect or abuse children; and (d) failed to develop or implement procedures or guidelines for the protection of foster children in foster group homes.

59. Defendants knew or should have known that these failures to act could lead to violations of the constitutional rights of children in foster care.

60. As a result of the failures of the aforementioned Defendants, Plaintiff was subjected to sexual abuse and sexual assault and serious physical and psychological injury while in foster care, and lack of proper medical care and lack of proper therapy care.

61. By reason of their acts and omissions, Defendants acting under color of state law in gross and wanton disregard of the Plaintiff's rights, deprived Plaintiff of his liberty, privacy, and of his right to be free from unjustified intrusions on his personal security, assault, and sexual abuse in violation of the 4th, 5th and 14th Amendments to the United States Constitution.

62. By reason of the foregoing, Plaintiff suffered serious physical and psychological injury, sexual abuse, fear, pain and suffering, and other physical and mental injuries in violation of his civil rights. Said injuries are ongoing and may be permanent.

## SECOND CLAIM

63. Paragraphs 1 through 62 are realleged and incorporated by reference herein.

64. CITY OF NEW YORK defendants and SCO defendants knew or should have

15

known the facts set forth in paragraphs 1 through 62.

65.     CITY OF NEW YORK defendants and SCO defendants, however:

a.      Failed to develop and implement programs to insure that social workers and supervisors provide proper supervision for foster children and provide foster homes adequate to protect children they make dependent upon them from being traumatized by sexual and or physical assault; and

b.      Failed to develop and promulgate guidelines and procedures for the selection and supervision of foster homes and social workers to eliminate or exclude those foster homes or social workers who posed a danger to children's welfare; and

c.      Failed to develop and implement procedures and guidelines for the protection of foster children in foster care agencies, including proper home study, screening and training of foster homes and foster parents to adequately provide a safe protective environment and home while a child is temporarily made dependent on defendants for his basic necessities.

66.     CITY OF NEW YORK defendants and SCO defendants knew or should have known that the actions taken and or failures to act would cause a violation of the constitutional rights of children in foster care.

67.     As a result of the failures of the Defendants, infant Plaintiff was subjected to serious sexual abuse and physical and psychological  injury and otherwise severely injured in the foster homes licensed and supervised by  CITY OF NEW YORK defendants and SCO defendants.

68.     By reason of their acts or omissions, Defendants, acting under color of state law, in gross and wanton disregard of infant Plaintiff's rights, deprived infant Plaintiff of his liberty, his

16

privacy and his right to be free from unjustified intrusions on his personal security, in violation of the First, Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

69. By reason of the foregoing, Plaintiff suffered serious sexual abuse, physical injury, fear, severe pain and suffering, other physical and mental injuries in violation of his civil rights. Said injuries are ongoing and may be permanent.

## THIRD CLAIM

70. Paragraphs 1 through 69 are realleged and incorporated by reference in his claim.

71. CITY OF NEW YORK defendants and SCO defendants had a duty to provide training to foster care workers and supervisors regarding:

a.      The investigation, licensing of prospective foster homes;

b.      The selection of foster homes for foster children to assure their safety from been sexual abuse or maltreatment;

c.      Supervision of children in foster homes;

d.      The protection of foster children from other children or adults in the home and the proper security, safety and supervision of foster homes.

e.      The training to prevent sexual abuse in foster homes and to identify risk factors to prevent sexual abuse in foster care including proper sleeping arrangements, so they are helped instead of harmed while they were in foster care placement in foster homes.

72. CITY OF NEW YORK defendants and SCO defendants and failed in their duties to provide training to its staff in the subjects listed in the paragraph 71.

17

73.   CITY OF NEW YORK defendants and SCO defendants and Defendant MATTINGLY knew or should have known that its failure to provide such training would create risks to the safety of foster children in its custody.

74.   In failing to provide adequate training to social workers and supervisors Defendant CITY OF NEW YORK was deliberately indifferent to the welfare of foster children in its custody and to the risk of injury of those children.

75.   As a result of the aforementioned failures of  CITY OF NEW YORK defendants and SCO defendants, Plaintiff was subjected to injury and otherwise injured, while in the  foster home placements.

76.   By reason of its acts and omissions  CITY OF NEW YORK defendants and SCO defendants, acting under color of state statute, regulation, ordinance, custom, or usage in gross and wanton disregard of infant Plaintiff's rights, deprived infant Plaintiff of his liberty, his privacy and his right to be free from unjustified intrusions on his personal security, in violation of the Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

77.   By reason of the foregoing, Plaintiff suffered serious physical injury, severe pain and suffering and other physical and mental injuries in violation of his civil rights.  Said injuries are ongoing and may be permanent.

**FOURTH CLAIM**

78.   Paragraphs 1 through 77 are  realleged and incorporated by reference in his claim.

79.   All of the defendants failed to protect Plaintiff while an infant from the sexual assault, sexual abuse and retraumatized sexual contact and improper medical and therapeutic care  while under the supervision of the CITY OF NEW YORK defendant, SCO defendants who

acquiesced in their failure to protect plaintiff from his aforesaid injuries, in violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

80.  By reason of its acts and omissions the CITY OF NEW YORK defendants and SCO defendants acting under color of state statute, regulation, ordinance, custom, or usage in gross and wanton disregard of infant Plaintiff's rights, deprived infant Plaintiff of his liberty, his privacy and his right to be free from unjustified intrusions on his personal security, in violation of the First, Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

81.  By reason of the foregoing, Plaintiff suffered serious physical injury, sexual abuse severe pain and suffering, and other physical and mental injuries in violation of his civil rights. Said injuries are ongoing and may be permanent.

82.  By reason of the foregoing, infant Plaintiff suffered severe injury, extreme terror, pain and suffering, physical injuries and severe mental anguish and depression.

## FIFTH CLAIM: NEGLIGENCE

83.  Paragraphs 1 through 82 are realleged and incorporated by reference in his claim.

84.  Under the common law of New York State, all of the Defendants had a duty to Plaintiff to provide a safe and secure home and to protect him from harm.

85.  All of the Defendants failed to act and/ or while acting, Defendants breached their duty to Plaintiff.

86.  The Defendants failed to properly supervise Plaintiff.

87.  Defendants' actions or omissions were the proximate cause of Plaintiff's injuries.

88.  By reason of Defendants' failures, Plaintiff suffered assault, battery, sexual abuse, prima facie tort, intentional infliction of emotional harm, negligent infliction of emotional harm,

negligent and improper medical care, negligent and improper therapy care, and caused serious physical injury, sexual abuse and was otherwise caused plaintiff injury.

89. By reason of the foregoing, Plaintiff suffered sexual abuse, serious physical injury, severe pain and suffering, and other physical and mental injuries in violation of his civil rights. Said injuries are ongoing and may be permanent.

## SIXTH CLAIM: SPECIAL DUTY

90. Paragraphs 1 through 89 are realleged and incorporated by reference in his claim.

91. Because Plaintiff was involuntarily removed and detained and became exclusively dependent upon the defendants for all of his basic needs as a foster child and remained in the exclusive care, control and custody and guardianship of Defendants CITY OF NEW YORK Defendants and SCO Defendants and their agents and employees, Plaintiff had a special relationship with said SCO Defendants and CITY OF NEW YORK Defendants and their officials and employees.

92. As a result of the special relationship, all of the Defendants had a special duty to protect Plaintiff from harm and provide for his basic needs for safety, security, health care, freedom from harm

93. All Defendants failed to exercise reasonable care in discharging their duty to protect Plaintiff from harm.

94. By reason of all of the Defendants' failures, Plaintiff was subjected to sexual abuse, serious physical harm and injury and psychological injuries and the aforesaid injuries and was otherwise injured while dependent upon the defendants in foster care.

95. By reason of the foregoing, Plaintiff suffered sexual abuse, serious physical and

psychological injury, severe pain and suffering, and other physical and mental injuries in violation of his civil rights.  Said injuries are ongoing and may be permanent.

### SEVENTH CLAIM: ATAVIA MOORER VIOLATED CIVIL RIGHTS

96.  Paragraphs 1 through 95 are realleged and incorporated by reference in his claim.

97. ATAVIA MOORER was not promptly notified of the injuries and sexual trauma caused to her son SMG.

98. ATAVIA MOORER was not provided a prompt opportunity to associate and care for her son SMG after the sexual trauma occurred.

99. But for the failures of aforesaid actions and or omissions by the defendants the plaintiff ATAVIA MOORER's fundamental civil rights would not have been violated causing injury and harm to her relationship with her son.  And her own fear and mental distress causing her injury that continues now and into the foreseeable future.

### PRAYER FOR RELIEF

WHEREFORE, infant Plaintiff SMG, by his parent and natural guardian, ATAVIA MOORER, and ATAVIA MOORER, individually,  respectfully requests that Judgment be entered jointly and severally against all of the Defendants:

A.  Awarding Plaintiff SMG, compensatory damages in the amount of THREE MILLION DOLLARS ($3,000,000.00)   on the First Claim.

B.  Awarding Plaintiff SMG, compensatory damages in the amount of THREE MILLION DOLLARS ($3,000,00000)  on the Second Claim.

C.  Awarding Plaintiff SMG, compensatory damages in the amount of THREE

MILLION DOLLARS ($3,000,00000) on the Third Claim.

    D.  Awarding Plaintiff SMG, compensatory damages in the amount of THREE

MILLION DOLLARS ($3,000,00000) on the Fourth Claim.

    E.  Awarding Plaintiff SMG, compensatory damages in the amount of THREE MILLION

DOLLARS ($3,000,00000) on the Fifth Claim.

    F.  Awarding Plaintiff SMG, compensatory damages in the amount of THREE MILLION

DOLLARS ($3,000,00000) on the Sixth Claim.

    G. Awarding Plaintiff ATAVIA MOORER compensatory damages in the amount of

FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)

    H. Awarding infant Plaintiffs, interest from August 1, 2012.

    H. Awarding infant Plaintiffs, reasonable attorneys fees pursuant to 42 USC 1988.

    I.  Awarding Plaintiffs, the costs and disbursements of this action.

    J. Awarding such other and further relief as the court deems just and proper.

Respectfully submitted,

New York, New York
February 10 , 2014

BRUCE A. YOUNG, ESQ. (BY6798)
Attorney for Plaintiffs
181 Hudson Street, Suite 1A
New York, New York   10013
(212) 965-0050


TO:   SCO FAMILY OF SERVICES
      1 ALEXANDER PLACE
      GLEN COVE, NEW YORK, 11542

      DARLENE ELLISON, Caseworker
      SCO FAMILY OF SERVICES
      570 Fulton Street
      Brooklyn, NY 11217

"JANE ROE", Supervisor
SCO FAMILY OF SERVICES
570 Fulton Street
Brooklyn, NY 11217

"JOHN DOE"  (being a fictitious name),
SCO FAMILY OF SERVICES
570 Fulton Street
Brooklyn, NY 11217

GAIL B. NAYOWITH, Director
SCO FAMILY OF SERVICES
1 ALEXANDER PLACE
GLEN COVE, NEW YORK, 11542

JOANNA KELLMAN , Caseworker
Administration for Children's Services of the City of NY
150 William Street
New York, New York

EMMANUEL CHIJIOKE, Supervisor
Administration for Children's Services of the City of NY
150 William Street
New York, New York

CITY OF NEW YORK
C/O NYC CORPORATION COUNSEL
100 CHURCH STREET
NEW YORK, NEW YORK 10007