# CONWAY, FARRELL, CURTIN & KELLY, P.C.
ATTORNEYS AT LAW
48 Wall Street, 20th Floor
New York, New York 10005
(212) 785-2929
Fax: (212) 785-7229

Robert S. Delmond
(212) 993-9321
rdelmond@conwayfarrell.com

LONG ISLAND OFFICE
55 Maple Avenue – Suite 506
Rockville Centre, New York 11570
(212) 785-2929
fax (516) 255-4696

March 26, 2014

United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

Attention:   Vernon S. Broderick, United States District Judge

Re:   SMG, an infant by his parents and natural guardian ATAVIA MOORER v. SCO FAMILY OF SERVICES, et al
Index #:   1:14-cv-00815- (VSB) (SN)

Dear Justice Broderick:

This firm represents the defendants, SCO Family of Services Inc., Gail Nayowith, Darlene Ellison, John Doe and Jane Roe. At this time, I am requesting permission to file a pre-answer motion to dismiss pursuant to Rule 12(b)(1), 12(b)(6) and/or a motion for summary judgment pursuant to Rule 56.

**The Complaint:**

The plaintiff alleges that "on or about numerous days during at least August 2012 and September 2012 through September 9, 2012 at various times he was sexually assaulted, abused and molested by an adolescent child" while residing in a foster home. Complaint ¶28. In sum, the plaintiff claims the City and SCO certified foster homes without adequate investigation, failed to adequately, hire, retain and supervise staff, failed to promulgate procedures, programs and guidelines for the proper selection and supervision of caseworkers and as such were deliberately indifferent to the quality of care children received. The plaintff claims violations of the First, Fourth, Fifth, Ninth and Fourteenth Amendments and seeks compensatory damages pursuant to 42 U.S.C..§1983.

**The Facts:**

On or about March 22, 2012, the City of New York conducted an emergency removal of the infant plaintiff, SMG, and his older disabled brother from their home. The basis was medical and educational neglect by the natural mother. At the time of the removal, the plaintiff's older brother, who was severely brain damaged from a car accident in 2010, required regular care from the Visiting Nurse Service. The plaintiff's mother refused them entry to her apartment. In

addition, the infant plaintiff, who was 7 years old, had been left at home with his disabled brother and without proper supervision. Both were absent from their respective schools for many days. Furthermore, in 2010, there was a prior neglect petition filed against the natural mother when the infant plaintiff fell from a terrace onto the sidewalk and sustained injuries.

On March 23, 2012, the City of New York filed a petition with the Family Court seeking approval of the removal. An intial hearing was held before Judge Clark Richardson. Following the hearing it was agreed that the children would be returned to their mother if she followed certain directives. These directives included that she agree to remain within the confines of New York City during the pendency of the Family Court matter.

Subsequently, the infant plaintiff and his mother left the City of New York, without the Court's permission, and moved to South Carolina. On or about April 26, 2012 Judge Richardson signed an order remanding the infant plaintiff and his brother to the care and custody of the City of New York. The City obtained the children from South Carolina and they were returned to New York City where they were placed in foster care.

On or about May 9, 2012 SCO placed the infant plaintiff in a certified foster boarding home with Mr.and Mrs.G. Mr.and Mrs.G had previously adopted a child, "D", who also resided in the home. The plaintiff claims that "D" touched his genitals repeatedly rubbing them and touched his buttocks with his hand rubbing it. When the infant plaintiff told him to stop "D" would not stop and instead he took the plaintiff's clothes off and "D" put his genitals on top of the plaintiff's genitals and private areas of his body." Complaint ¶ 33.

In September 2012, the plaintiff reported to Mrs. G. that "D" touched him in a sexual manner. In response,Mrs G. immediately removed "D" from her home and brought him to live with a family member. Mrs. G advised SCO of the incident and that she removed "D" from the home to insure the plaintiff was no longer harmed by "D.' An investigation ensued and on September 17, 2012 the plaintiff was removed from the foster home of Mr. and Mrs. G and placed in another foster home by SCO.

**Lack of subject matter jurisdiction and failure to state a claim;**

Firstly, the defendant submits that the Court does not have subject matter jurisdiction over the constitutional claims which allege violations of the plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights pursuant to the Rooker-Feldman doctrine as espoused by the United States Supreme Court. The New York State Family Court previously made a determination with regard to the legality of the alleged seizure and detention of the child and did so within one day of the emergency removal. Now, the plaintiff requests this court to overturn the findings of the State court claiming his violations of his First, Fourth, Fifth and Fourteenth Amendment rights. Respectfully, this is not the proper venue for review of those findings and the Court cannot exercise subject matter jurisdiction over this matter. Southerland v. City of New York, 680 F.3d 127(2d Cir. 2012) Chavis v. Chappius, 618 F.3d 162 (2d Cir. 2010), Haines v. Kerner, 404 U.S. 519(1972); Steel Co. v. Citizens for better Env't, 523 U.S. 83 (1998)

In addition, the plaintiff has failed to allege sufficient facts to state a proper claim therefore the Complaint should be dismissed. Green ex rel T.V. v. Mattingly, 2010 WL 3824119 U.S.D.C., E.D.N.Y.; Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir.2010). Ashcroft v. Iqbal, 556 U.S. 662, 678, 681 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### "AM" Ancillary Claims:

The natural mother "AM" alleges violations of her civil rights in addition to those she allegs on behalf of her infant son. She alleges she was not promptly notified of the alleged sexual abuse and was not provided a prompt opportunity to associate and care for her son after the alleged traunma occurred. Complaint ¶¶ 96-99. The court should refuse to exercise jurisdcition over these claims as they fail to allege that the misconduct was part of any wide spread practice or that the any final policymaker had explicity or implicitly condoned such conduct as required to properly state a claim in a § 1983 action.

### Ninth Amendment violations do not provide a basis for a cause of action pursuant to §1983:

Furthermore, the plaintiff, in its Second and Third claims, alleges violations of the Ninth Amendment. Ninth Amendment violations do not provide sufficient basis upon which to establish a cause of action under 42 U.S.C.§1983. Licorish-Davis v. Mitchell, 2013 WL 2217491 S.D.N.Y. (May 20, 2013); Rini v. Zwirn, 886 F.Supp. 270, 289-90(E.D.N.Y. 1995)

### Pendent Jurisdcition claim for negligence:

The plaintiffs' Fifth Claim is for negligence. The Court should refuse to exercise pendent jurisdiction over this claim as the plaintiff cannot establish that SCO had sufficiently specific knowledge of the alleged conduct which casued the injury. i.e. that child "D" would touch the infant plaintiff in a sexual manner.

### Qualified Immunity:

Finally, the individual SCO defendants, Gail Nayowith, Darlene Ellison, John Doe and Jane Roe are entitled to qualified immunity in that the plaintff has failed to allege that the individual defendants violated a clearly established statutory or constitutional right of which a reasonable person would have known. Ying Jing Gan v. City of New York, 996 F.2d 522,531(2nd Cir.1993) quoting Harlow v. Fitzgerald, 457 U.S.800, 818, 102 S. Ct. 2727, 2738(1982) This defense is available to employees of private entities. Filarsky v. Delia, _U.S., 132 S.Ct. 1657 (2012); Pulliam v. Allen, 466 U.S. 522, 529, 104 S. Ct. 1970(1984). The Courts have granted qualified immunity to employees of private foster care agencies. Richards v. City of New York, 433 F.Supp.2d 404 (S.D.N.Y.2006)

It is respectfully requested that an additonal extension of time for these defendants to answer the complaint be granted while the court considers this request to file dispositive motions in this matter. At present, the answer to the complaint is due April 1, 2014. The Court has previously scheduled a discovery conference for May 1, 2014.

Thank you for your consideration.

Very truly yours,

Robert S. Delmond (RSD)(9724)