UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SMG, an infant, by his parent and natural guardian,
ATAVIA MOORER; and ATAVIA MOORER,
individually,

                                           Plaintiffs,

                -against-

SCO FAMILY OF SERVICES; DARLENE ELLISON, individually and as caseworker with SCO Family of Services; "JANE ROE" and as supervisor with SCO Family of Services; "JOHN DOE" (being a fictitious name), individually and as caseworker with SCO Family of Services; GAIL B. NAYOWITH, individually, and as Director of SCO Family of Services; JOANNA KELLMAN, individually and as caseworker for the Administration for Children's Services of the City of New York; EMMANUEL CHIJIOKE, individually and as supervisor for the Administration for Children's Services of the City of New York; and the CITY OF NEW YORK;

**ANSWER WITH CROSS-CLAIM**

No. 14 Civ. 0815 (VSB)

                                           Defendants.

------------------------------------------------------------------------ x

        Defendants Joanna Kellman, Emmanuel Chijioke, and the City of New York ("City Defendants") by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, dated February 10, 2014 (the "Complaint"), respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that the infant plaintiff was placed in foster care, and that Plaintiffs purport to proceed as set forth therein.

        2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether plaintiff SMG currently resides with his mother in New York City.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint pertaining to SCO Family of Services, and deny the remaining allegations set forth therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. The Complaint contains no paragraph "9".

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Defendant Kellman is a caseworker with the New York City Administration for Children's Services ("ACS") and, for a time, was assigned to Plaintiffs' case.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Defendant Chijioke is a supervisor with ACS and, for a time, supervised the caseworkers assigned to Plaintiffs' case, and affirmatively state that Defendant Chijioke is a man.

12. Deny the allegations set forth in paragraph "12" of the Complaint, and respectfully refer the Court to Title Six of the New York State Social Services Law, Chapter 24-B of the New York City Charter and Chapter 1 of Title 21 of the Administrative Code for the City of New York for a complete and accurate statement of the powers and duties of ACS.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admit that Defendant City of New York contracts with private entities to provide foster care services.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the City of New York contracted with SCO Family of Services ("SCO") for the provision of foster care services.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff SMG was placed in two foster homes.

20. Deny the allegations set forth in paragraph "20" of the Complaint as to the City Defendants.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except deny that the alleged sexual abuse was prolonged and repeated over time.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning interactions between plaintiff SMG and D.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit, upon information and belief, that Plaintiff SMG did disclose to the foster parent that D. had made sexual contact with him on one occasion.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Plaintiff SMG was removed from the Goodwin foster home on September 17, 2012.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that Plaintiff SMG received mental health services beginning in December 2012.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that Plaintiff SMG was identified to have a need for therapy.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

**FIRST CLAIM**

50. Defendants repeat and reallege each response and affirmative statement set forth in paragraphs "1" – "49" above as if set forth fully herein.

51. Paragraph "51" of the Complaint contains a statement of law, not allegations of fact and, as such, does not require a response. To the extent paragraph "51" contains any factual allegations that do require a response, those allegations are denied.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

### SECOND CLAIM

63. Defendants repeat and reallege each response and affirmative statement set forth in paragraphs "1" – "62" above as if set forth fully herein.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in each of the subparts of paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

### THIRD CLAIM

70. Defendants repeat and reallege each response and affirmative statement set forth in paragraphs "1" – "69" above as if set forth fully herein.

71. Deny the allegations set forth in each subpart of paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

## FOURTH CLAIM

78. Defendants repeat and reallege each response and affirmative statement set forth in paragraphs "1" – "77" above as if set forth fully herein.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

## FIFTH CLAIM

83. Defendants repeat and reallege each response and affirmative statement set forth in paragraphs "1" – "82" above as if set forth fully herein.

84. Paragraph "84" of the Complaint contains a statement of law, not allegations of fact and, as such, does not require a response. To the extent paragraph "84" contains any factual allegations that do require a response, those allegations are denied.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

## SIXTH CLAIM: SPECIAL DUTY

90. Defendants repeat and reallege each response and affirmative statement set forth in paragraphs "1" – "90" above as if set forth fully herein.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

**SEVENTH CLAIM: ATAVIA MOORER VIOLATED CIVIL RIGHTS**

96. Defendants repeat and reallege each response and affirmative statement set forth in paragraphs "1" – "95" above as if set forth fully herein.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

**FOR A FIRST DEFENSE:**

100. The Complaint fails to state a claim against some or all of the City Defendants upon which relief can be granted.

**FOR A SECOND DEFENSE:**

101. The City Defendants did not violate any of Plaintiffs' rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**FOR A THIRD DEFENSE:**

102. At all times relevant to the acts alleged in the Complaint, the City Defendants acted reasonably, properly, lawfully, without malice, and in good faith.

**FOR A FOURTH DEFENSE:**

103. At all times relevant to the acts alleged in the Complaint, the City Defendants exercised reasonable care and breached no duties.

**FOR A FIFTH DEFENSE:**

104. The individually named City Defendants are entitled to qualified immunity.

**FOR A SIXTH DEFENSE:**

105. Plaintiffs' state law claims are barred by failure to comply with a condition precedent to suit.

**FOR A SEVENTH DEFENSE:**

106. Plaintiffs' state law claims are barred, in whole or in part, by the applicable statute of limitations.

**FOR A CROSS CLAIM AGAINST DEFENDANT SCO FAMILY OF SERVICES:**

107. Defendant SCO Family of Services had an obligation under its Contract with the City of New York to procure a general liability insurance policy naming the City as an additional insured that would have provided defense coverage to the City Defendants with respect to incidents alleged in the Complaint.

108. SCO Family of Services' insurance carrier has refused to defend the City Defendants with respect to the incidents alleged in the Complaint, despite due demand, on the ground that the policy procured by SCO did not cover the dates covered by the allegations in the Complaint.

109. SCO has accordingly breached its obligation under its contract with the City to procure proper insurance coverage that would protect the City Defendants from liability in this action.

110. As a result of SCO's breach, the City Defendants have been forced to defend themselves in this action, thereby sustaining damages in an amount to be determined at

trial, but no less than the cost to the City of defending the City Defendants in this action and/or the cost to the City of paying any judgment or settlement in this action.

**WHEREFORE**, the City Defendants respectfully request judgment:

(a) dismissing the Complaint in its entirety and denying all relief requested therein, at least as it pertains to the City Defendants,

(b) against SCO Family of Services, for damages in an amount to be determined at trial resulting from SCO's breach of its obligations under its contract with the City; and

(c) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 1, 2014

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                  City of New York
                                Attorney for City Defendants
                                100 Church Street, Room 2-306
                                New York, New York 10007
                                P: (212) 788-356-0897
                                F: (212) 788-3770
                                E: lmbaye@law.nyc.gov

By:           /s/
       Lesley Berson Mbaye
       Assistant Corporation Counsel

To: By ECF
Bruce A. Young, Esq.
*Attorney for Plaintiffs*

Robert Scott Delmond, Esq.
Conway, Farrell, Curtin & Kelly, P.C.
*Attorney for SCO Defendants*