Broderick, V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SMG, an infant by his parent and natural guardian
ATAVIA MOORER; and ATAVIA MOORER,
individually,

Index No. 1:14-cv-00815-VSB
Date Filed: 02/10/2014

Plaintiff(s),

STIPULATION AND
PROTECTIVE ORDER

-against-

SCO FAMILY OF SERVICES, DARLENE ELLISON,
individually and as caseworker with SCO Family of
Services; "JANE ROE" and as supervisor with SCO Family
of Servies; "JOHN DOE" (being a fictitous name),
individually, and as caseworker with SCO family of
Services; GAIL B. NAYOWITH, individually, and as
Director of SCO Family of Services; JOANNA KELLMAN,
indiviually, and as caseworker with for the Administration
for Children's Services of the City of New York;
EMMANUEL CHIJIOKE, individually and as supervisor
with for the Adminstration for Children's Services of the
City of New York; and the CITY OF NEW YORK;

Defendant(s).
------------------------------------------------------------------X

The parties engaged in this litigation having agreed that it would serve their interests to conduct certain discovery in this action under a Protective Order, and it appearing that certain discovery is likely to involve confidential personal information regarding the plaintiff, the plaintiff's natural parents or siblings, the plaintiff's family members, foster family members, casework or supervisory staff, other foster children, and other confidential personal and business information.

IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT:

1. This Protective Order shall apply to testimony before trial and documents subject to discovery or otherwise submitted to the Court in this action. As used herein, "CONFIDENTIAL MATERIALS" shall mean: any identifying information tending to reveal the identities of the plaintiff(s), natural parents, foster children, family

members or other similarly protected non-parties; protected health information; personnel files; foster care recorded, child protective records; sealed adoption records; medical records; educational records; and, other confidential personal information including, but not limited to, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents produced, and answers to requests for admissions that contain such confidential information.

    (a)  The materials referred to in paragraph 1 above shall not be deemed "CONFIDENTIAL MATERIALS" to the extent, and only to the extent, that they are otherwise publicly available.

    2.  The producing party or non-party ("producing person") shall label or mark documents and things that it deems to be CONFIDENTIAL MATERIALS with the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" on the face thereof at the time of production or copying. Both such designations will be collectively referred to herein as "CONFIDENTIAL" unless a distinction is indicated.

    3.  As to the depositions upon oral examination, the testimony derived during depositions with regard to information contained within the confidential records referred to in paragraph 1 shall remain confidential and the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound to the extent feasible, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

    4.  CONFIDENTIAL MATERIALS shall be used solely for the purpose of this litigation and of pursuing or defending legal rights relating to this

litigation, and not for any other purpose, including but not limited to use in any business or commercial enterprise or for publicity.

5. Access to CONFIDENTIAL MATERIALS or dissemination thereof shall be limited to the following, unless and until this Court rules that there may be further disclosure:

(a) counsel of record for the respective parties to this litigation and their respective law office staff;

(b) the parties and (with respect to defendants) the parties' employees;

(c) the authors, senders, addresses, and copy recipients of such CONFIDENTIAL MATERIALS and employees of the producing person;

(d) non-party experts or independent consultants engaged by counsel or the parties to assist in this litigation, provided that each non-party expert and/or independent consultant has the need to learn the content of such CONFIDENTIAL MATERIALS and has signed an undertaking in the form of Exhibit A annexed hereto before being provided with discovery materials protected by this Order;

(e) any other person as to whom the parties first agree in writing and who signs an undertaking in the form of Exhibit A annexed hereto before being provided with discovery materials protected by this Stipulation and Order; and

(f) any claims representatives of the respective parties, their agents or employees; and

(g) the United States District Court, Southern District of New York, its Honorable Judges, clerks and other court staff.

These restrictions may be altered or supplemented only by written Stipulation between the parties filed with and approved by the Court or by Order of the Court on motion.

6. Information may be designated "CONFIDENTIAL - ATTORNEYS ONLY" in the same manner in which "CONFIDENTIAL" designations are made. Access to CONFIDENTIAL - ATTORNEYS ONLY MATERIALS or dissemination thereof shall be limited to the persons specified in subparagraphs (a), (b), (c), (d), (e), and (f) of paragraph 5 above, unless and until this Court rules that there may be further disclosure.

7. Nothing in this Stipulation and Order shall bar or otherwise restrict any counsel of record from rendering advice to his client with respect to this action, and, in the course thereof, from relying upon his examination of CONFIDENTIAL MATERIALS.

8. Any document or information actually comprising or containing Confidential material filed in any court shall be filed under seal in a clearly marked envelope and shall not be filed on the court's electronic court filing system or in any other manner that would make the filed documents accessible to the public. No documents or information filed under seal shall be made available to third parties or the public, except by further order of this Court or in accordance with the terms of this Order. The Confidential Materials shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents and the following legend:

> THIS ENVELOPE CONTAINS CONFIDENTIAL DOCUMENTS SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK IN THE ABOVE-CAPTIONED ACTION. THIS ENVELOPE SHALL NOT BE OPENED OR

UNSEALED WITHOUT THE EXPRESS DIRECTION OF A JUDGE OF THIS COURT, AND ITS CONTENTS SHALL NOT BE DISPLAYED OR REVEALED EXCEPT AS THE COURT MAY ORDER. THIS ENVELOPE AND ITS CONTENTS SHALL AT ALL TIMES BE MAINTAINED SEPARATE AND APART FROM THE PUBLICLY AVAILABLE FILES OF THIS CASE.

The Clerk of the Court is directed to maintain the confidentiality of any documents and transcripts of testimony filed in accordance with the above. Where possible, only confidential portions of the filings with the Court shall be under seal.

9. For purposes of this Order, "interested persons" means any party or non-party whose CONFIDENTIAL MATERIALS have been produced in this litigation. If, at any hearing in connection with any motion or other proceeding, or at trial, a party intends to offer into evidence any CONFIDENTIAL MATERIAL, that party shall inform all interested persons a reasonable time in advance so that all parties and interested person may take steps as they deem reasonably necessary to preserve the confidentiality of such material.

10. The acceptance of information, documents or things designated as CONFIDENTIAL MATERIALS, by any party shall not constitute an admission or concession, permit any inference, or create a presumption that any such designation is in fact merited or appropriate. Any party challenging a CONFIDENTIAL designation shall designate in writing to the producing person those portions of the information, documents and thing challenged as improperly designated and may, after conferring in good faith with opposing counsel, move this Court for an Order that the designated information, documents or things shall not be accorded the protection for which the producing person has designated them. If such a motion is made, nothing herein shall alter any burden of proof that would otherwise apply in determining whether the subject information, documents or things are within the scope of discovery. Any information, documents or

things as to which such a motion is served shall be accorded the protection for which they have been designated until the motion is determined, and if the motion is denied, for as long as the Order denying the motion remains in effect.

11. The Stipulation shall not prevent or prejudice any party from applying to the Court for relief therefrom, or from applying to the Court for further additional Protective Orders, or from agreeing with the other party to a modification of this Protective Order, subject to the approval of this Court.

12. Within sixty (60) days after final termination of this action, either by expiration of the time to appeal or after issuance of the appellate mandate after an appeal, receiving counsels of record either shall return all CONFIDENTIAL MATERIALS, including all copies, abstracts, or summaries thereof, or documents containing information taken therefrom, but excluding court papers or exhibits or any materials which in the judgment of receiving counsel are work product materials of said counsel in its possession, custody, or control, to counsel for the party who has provided them in discovery or shall certify destruction thereof; provided, however, that one counsel for record for each party may retain one copy of all CONFIDENTIAL MATERIALS, including all court papers, hearing or trial exhibits, and deposition exhibits, solely for reference in the event of a dispute over the use of dissemination of information subject to the terms herein established or over compliance with the final judgment.

However, it is expressly agreed and permitted, pursuant to the terms of this Stipulation, that any carrier for any party may maintain their records concerning the incident and lawsuit without the need for destruction of said records, to the extent that said carrier, its agents or employees, maintain the confidentiality of said records.

13. This Stipulation and Order shall not be construed as an agreement by any person to produce or supply any document outside the documents directed to be provided during the in camera inspection, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with regard to the production of any document.

14. In the event of any inadvertent disclosure of Confidential Material by a party without marking such discovery material as "Confidential," the party receiving the inadvertent disclosure of Confidential Material shall, upon receipt of written notice of the inadvertent disclosure, mark the material as "Confidential," and treat such material as "Confidential Material" in a manner consistent with this Stipulation and Order.

Dated: New York, New York
July ___, 2014

By: Robert S. Delmond, Esq.
CONWAY, FARRELL, CURTIN & KELLY
Attorneys for SCO Family Services
48 Wall Street, 20th floor
New York, New York 10005

By: Bruce Young, ESQ.
Attorney for plaintiffs
100 Church Street, Suite 800
New York, New York 10007

By: Bruce M. Strikowsky
SCHNADER HARRISON SEGAL & LEWIS
Attorneys for CITY OF NEW YORK
140 Broadway, Suite 3100
New York, NY 10005

SO ORDERED:

Vernon S. Broderick  7-15-2014
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SMG, an infant by his parent and natural guardian　　　　　Index No. 1:14-cv-00815-VSB
ATAVIA MOORER; and ATAVIA MOORER,　　　　　　　　　Date Filed: 02/10/2014
individually.

         Plaintiff(s),

    -against-

SCO FAMILY OF SERVICES, DARLENE ELLISON,
individually and as caseworker with SCO Family of
Services; "JANE ROE" and as supervisor with SCO Family
of Servies; "JOHN DOE" (being a fictitous name),
individually, and as caseworker with SCO family of
Services; GAIL B. NAYOWITH, individually, and as
Director of SCO Family of Services;JOANNA KELLMAN,
indiviually, and as caseworker with for the Administration
for Children's Services of the City of New York;
EMMANUEL CHIJIOKE, individually and as supervisor
with for the Adminstration for Children's Services of the
City of New York; and the CITY OF NEW YORK;

         Defendant(s).
-----------------------------------------------------------------X

---

## STIPULATION AND PROTECTIVE ORDER

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Index No. 1:14-cv-00815-VSB
SMG, an infant by his parent and natural guardian                  Date Filed: 02/10/2014
ATAVIA MOORER; and ATAVIA MOORER,
individually,

                        Plaintiff(s),

   -against-

SCO FAMILY OF SERVICES, DARLENE ELLISON,   CONSENT TO BE BOUND
individually and as caseworker with SCO Family of   BY PROTECTIVE ORDER
Services; "JANE ROE" and as supervisor with SCO Family
of Servies; "JOHN DOE" (being a fictitous name),
individually, and as caseworker with SCO family of
Services; GAIL B. NAYOWITH, individually, and as
Director of SCO Family of Services;JOANNA KELLMAN,
indiviually, and as caseworker with for the Administration
for Children's Services of the City of New York;
EMMANUEL CHIJIOKE, individually and as supervisor
with for the Adminstration for Children's Services of the
City of New York; and the CITY OF NEW YORK;
                      Defendant(s).
---------------------------------------------------------------X

      The undersigned hereby acknowledged that he/she has read the Protective Order entered in the United States District Court for the Southern District of New York on _____ in the above captioned action, and understands the terms thereof. Furthermore, he/she agrees to be bound by the terms of the Protective Order and that he/she voluntarily submits to the personal jurisdiction of the United States District Court for the Southern District of New York for purposes of the enforcement of the above – specified Protective Order and the imposition of any sanctions for contempt thereof by the undersigned. The undersigned hereby agrees not to use the Confidential Materials defined therein for any purposes other than in connection with the prosecution or the defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Dated:_____

                      Signature:_____

                      Print Name:_____

                      Occupation:_____

Sworn to before me this
____day of_____20__

_____