
# Schnader
ATTORNEYS AT LAW

140 BROADWAY  SUITE 3100
NEW YORK, NY 10005-1101
212.973.8000  FAX 212.972.8798  schnader.com

Bruce Strikowsky
Direct Dial 212-973-8070
E-mail: bstrikowsky@schnader.com

July 23, 2014

Honorable Vernon S. Broderick
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall
40 Foley Square
New York, NY 10007

RE: **SMG, et al. v. City of New York, et al.**
**14-Civ-0815 (VSB)**

Dear Judge Broderick:

This letter is submitted jointly by the defendants regarding issues for the July 25 teleconference. The previously filed letter was a previous version and inadvertently filed. It is our understanding that plaintiffs' counsel will submit a separate letter later today.

As the Court is aware, the undersigned counsel was recently substituted, and we are in the process of getting up to speed on this file. We recognize and appreciate plaintiffs' counsel's efforts to try to resolve this case by early settlement. The City of New York raises the following issues for resolution, in recognition of the current posture of the case.

It would be helpful to us to have a brief extension of time to permit proper discovery responses to be prepared. If the parties are to sit down with Magistrate Judge Netburn within a reasonable time to try to resolve this case, it would make sense to extend the City's response and objection time to after that session. In any event, our liason at the Administration for Children's Services is on vacation until August 5, 2014, so we need at least some time regardless.

With respect to affirmative discovery demands to plaintiffs, it is our hope to remain on a settlement footing until such time as we know that settlement is not possible. However, we do not want to be impaired by not serving discovery. Therefore, we do need to address the overall schedule for discovery.

We have been asked about whether there is a need to maintain cross-claims against co-defendant SCO. SCO's insurer has agreed to provide a defense to the City of New York, but only under a Reservation of Rights. Therefore, it is necessary to maintain cross-claims.

The co-defendant, SCO, has asked for leave to file a dispositive motion. Given that SCO is the City's "eyes and ears" as to what happens in the foster home, it is difficult to imagine that SCO might have grounds for a motion that the City, and City employees, would not share.



Therefore, if SCO is given leave to make a motion, the City requests the opportunity to review it and determine whether such grounds are equally (or more) applicable to the City.

Finally, upon taking over this file from Corporation Counsel, we reviewed the filed answer. We believe there are additional applicable affirmative defenses. We wish to address leave to file an amended answer during the call, and whether a formal application will be necessary.

The following are outstanding items to be addressed on behalf of the SCO defendants during the telephone conference call.

This morning we received the plaintiff's psychiatric evaluation as well as copies of the records from the Jane Barker Child Advocacy Center which detail the initial reporting of the alleged abuse. The initial reporting indicates that on one occasion the alleged perpetrator performed oral sex on the plaintiff. This is inconsistent with the plaintiff's version of the facts, as told two years later to the plaintiff's expert psychiatrist, which now indicates there was oral sexual contact occurring at least several times per week over a one month period. We will be evaluating this information and providing an assessment to the insurance carrier with the goal of mediation and early settlement. The plaintiff has suggested August 15, 2014 for mediation. However, my experience indicates that will be too soon for the insurance carrier to evaluate this matter for early settlement and therefore a mediation in the middle of September would be best. In addition, this will also allow us to assemble a comprehensive settlement memorandum to aid Magistrate Netburn in the process.

1. The plaintiff has previously served excerpts of cases indicating settlements in matters involving sexual abuse which have a wide and varying range in value. At this time, we are requesting that Mr. Young provide an actual settlement demand based on the information which has been exchanged, to date, and in consideration of the lack of evidence that SCO acted with deliberate indifference. To date, there is no evidence that the alleged perpetrator's conduct was known to SCO prior to the plaintiff's complaint or that they failed to conduct the appropriate investigation when certifying the foster home. The plaintiff admits that he did not tell anyone from SCO of the alleged abuse.

2. The SCO defendants also request that it's time to answer the plaintiff's Complaint be extended from July 25, 2014 until October 25, 2014.

3. In the event that the mediation and settlement are not successful the SCO defendants renew their prior request for a pre-motion conference and permission to move to dismiss all or part of the Complaint. The SCO defendants respectfully request that the Court schedule a conference after the mediation but prior to October 25, 2014 to continue this discussion of needed.

4. The SCO defendants respectfully request that the Case Management Plan and Scheduling Order be extended, in all respects, by 90 days to allow the parties time to prepare and complete a mediation without the undue burden and cost of continuing the discovery process.



May we thank the Court for its kind attention to this submission.

Very truly yours,

Bruce Strikowsky (BS-8791)
For SCHNADER HARRISON SEGAL & LEWIS LLP

BMS

All parties (*via ECF*)